356 P.2d 1118

**ROCK–OLA MANUFACTURING CORPORATION, Plaintiff and Respondent,**

v.

**DAN STEWART COMPANY, Inc., and Dan Stewart, Defendants and Appellants.**

**No. 9266.**

Supreme Court of Utah.

Nov. 28, 1960.

LaMar Duncan, Ronald C. Barker, Salt Lake City, for appellants.

Fabian & Clendenin, Dudley M. Amoss & Peter W. Billings, Salt Lake City, for respondent.

WADE, Justice.

Rock-Ola Manufacturing Corporation commenced this action to recover a sum due for commercial phonographs sold and delivered to Dan Stewart Company, Inc., appellants herein. Appellants filed a counterclaim for damages for breach of its distributorship agreement by the Rock-Ola Manufacturing Corporation, respondent herein. This appeal is from a summary judgment granted by the court in favor of Rock-Ola Manufacturing Corporation.

This judgment was based on the pleadings, records and depositions of appellants' witnesses.

The record discloses that appellants conceded that the debt sued for is owed but counterclaimed for damages for breach of an exclusive right to sell respondent's merchandise in a given territory. Although appellants in the past had entered into contracts wherein it was expressly stated that the distributorship granted was exclusive for the territory allotted to it, the agreement appellants received from respondent in 1959 for the breach of which appellants counterclaimed for damages in this suit did not expressly state that appellants were being granted an exclusive distributorship for the territory mentioned therein, but instead contained the following provision describing the type of distributorship it was receiving:

"The following territory is hereby *alloted* to Distributor as the territory in which said Distributor is primarily responsible for selling Rock-Ola equipment, and Distributor agrees to use his best efforts diligently to promote the sale of and to sell Rock-Ola Equipment. in said territory. Distributor agrees, that Rock-Ola shall not be obligated or liable to Distributor *in any manner. whatsoever for or on account of orders. or sales of Rock-Ola Equipment (in-. cluding parts and accessories) obtained, or made by any other distributor or by.*

*any other person or persons whomsoever in said described territory; but Rock-Ola agrees that* during the term of this agreement, \* \* \* Rock-Ola will not sell new Rock-Ola Equipment to any other distributor having an established place of business in said described territory." (Emphasis ours.)

Appellants in their amended counterclaim as a basis for their claimed damages alleged that respondent fraudulently connived to breach its agreement not to sell to any other distributor or person having an established place of business in the territory granted to them by selling its Rock-Ola equipment to a firm having an established place of business in appellants' territory by first selling that equipment to one of its distributors in another territory, who in turn then sold the new Rock-Ola equipment to appellants' competitor.

The record taken in the light most favorable to appellants discloses that appellants' competitor obtained new Rock-Ola machines from one of respondent's distributors in another territory. The sales by this distributor were financed through banks with the exception of one sale, which was refinanced for this distributor by respondent. This distributor sold the machines to appellants' competitor for a slightly higher price than appellants obtained their machines from respondent. There was no evidence that suggests that respondent made the sales to appellants' competitor

through the medium of one of its distributors. In the absence of evidence of such sales by respondent, under the express agreement of the parties, respondent is not responsible for any sales of Rock-Ola equipment made or obtained by any other distributor or person in the territory granted appellants. The court therefore did not err in granting a summary judgment in favor of respondent.

Affirmed. Costs to respondent.

CROCKETT, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.